## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIM. NO.: 97-091 (JAF) |
| | ) | |
| JEANNETTE SOTOMAYOR, | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT JEANNETTE SOTOMAYOR-VAZQUEZ'
### MOTION TO CLARIFY COURT ORDER

TO THE HONORABLE COURT:

COMES NOW the defendant, **Jeannette Sotomayor-Vázquez**, through the undersigned attorney, and most respectfully states, alleges, and prays as follows:

1.    As part of this Honorable Court's sentence in the case of appearing defendant Jeannette Sotomayor-Vázquez, the Court imposed restitution in the amount of $35,689.49 and a fine in the amount of $10,000.00, for a total financial responsibility of $45,689.49.

2.    In 2003 the defendant filed a motion through the undersigned counsel requesting remission or a reduction of these amounts. The Court denied the motion. Taking into account her financial situation and future earning capacity, however, on November 10, 2003, the appearing party filed a motion submitting an "offer of stipulation for payment," which consisted of a payment plan whereby the defendant would pay $250.00 per month until

the payment of the above-referenced amounts.  On November 18, 2003, the Court entered a marginal Order "granting" our offer of stipulation of payment.  We recall - although we confess we do not have a copy of the complete file anymore – that the government had opposed the defense's request, but the Court did grant it.

3.    Since the Court approved the payment plan and thus for the last three and a half years, Mrs. Sotomayor has faithfully and timely made every monthly installment on her financial responsibility to the Court.  To date, Mrs. Sotomayor has made approximately 39 payments of $250.00, for a total of $9750.00.  During the 46 months of her term of incarceration, the Bureau of Prisons additionally deducted an unknown amount from the checks she earned for the work she performed in the prison, which admittedly were for relatively minor numbers but which should have amounted to a couple of thousand dollars.  Mrs. Sotomayor is under the impression that those deductions were made to pay part of her restitution Order.  Thus, to date Mrs. Sotomayor has paid approximately one-fourth of her financial obligation to the Court.  Needless to say, Mrs. Sotomayor intends to continue to timely make her payments to the Court until her entire debt is satisfied.

4.    Apparently as part of the standard procedure at the U.S. Attorney's Office,

every year the defendant automatically receives some financial forms which recalculate her debt and which appear to apply the compound interest tables to her payments and principal owed. Every year we have responded to the U.S. Attorney's Office that Mrs. Sotomayor is under a Court authorized payment plan (as described above) which can only be altered by the Court itself upon motion by the government or the defense, as the case may be. The matter has never gone beyond that; however, since none of us who participated in this stipulation can guarantee that we will be around by the time the final payments of Mrs. Sotomayor's financial obligation to the Court come around, we believe it is necessary to clarify the matter beyond any doubt.

5.    The defense submits that as a result of this Honorable Court's November 18, 2003, Order granting the proposed payment plan, Mrs. Sotomayor's obligation to the Court is as follows: taking into account a total principal of $45,689.49, Mrs. Sotomayor is to make 182 payments of $250.00 and a final payment of $189.48. Since Mrs. Sotomayor has already made 39 payments of $250.00 as of April 1, 2007, she would have 143 payments of $250.00 left, and a final payment of $189.48 left.

6.    The preceding paragraph may be affected only if in fact the deductions from her BOP "salary" checks were destined to pay for part of her restitution

Order.  Mrs. Sotomayor has made several requests to the BOP to clarify this matter, but the BOP has not responded.  Thus, the defense requests that the Court Order the BOP to answer:  (1) whether any deductions made from her checks while she was incarcerated were in fact to pay for her financial obligation to the Court; and (2) if so, what was the total amount of such payments.  In the event the BOP responds that there were in fact deductions made that were reserved to pay for her financial obligation to the Court, then said amount should be deducted form the principal of $45,689.49 and a simple mathematical calculation along the lines of the preceding paragraph would yield the amounts of the remaining payments.  If no such deductions were made by BOP, then the pending obligation is as described in the preceding paragraph.

WHEREFORE, the defense respectfully requests that this Honorable Court grant the above request.

**I HEREBY CERTIFY** that on this same date I presented the foregoing motion to the Clerk of the Court for uploading and filing to the CM/ECF system which will send notification of such filing to all parties of record.

At San Juan, Puerto Rico this 10th day of April, 2007.

**LAW OFFICES OF
FRANCISCO REBOLLO-CASALDUC**

**_S/Francisco Rebollo Casalduc_**

USDC-PR 205603
P.O. Box 195571
San Juan, Puerto Rico 00919-5571
Tel. (787) 765-0505
Fax. (787) 765-0585